**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DELTA FRANGIBLE AMMUNITION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SINTERFIRE, INC.,<br><br>Defendant, Counter-Claim Plaintiff<br><br>v.<br><br>DELTA FRANGIBLE AMMUNITION, LLC,<br><br>Counter-Claim Defendant,<br><br>and<br><br>KENNETH ELLIOTT,<br><br>Counter-Claim Defendant,<br><br>and<br><br>SPRINGFIELD MUNITIONS CORPORATION, INC.,<br><br>Counter-Claim Defendant. | ) | Civil Action No. 2:06-cv-1477<br><br>Judge Terrence F. McVerry<br>Magistrate Judge Francis X. Caiazza |

**ANSWER AND COUNTERCLAIMS OF SINTERFIRE, INC.**

Defendant/Counterclaim Plaintiff SinterFire, Inc. ("SinterFire"), through its attorneys of record, hereby answers the corresponding numbered paragraphs of the Complaint of Delta Frangible Ammunition, LLC ("Delta") as follows:

**<u>ANSWER</u>**

1. This is a civil action for the infringement of United States Patent No. 6,074,454 entitled "Lead-Free Frangible Bullets and Process for Making Same" ("the `454 patent"). This

Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

ANSWER: SinterFire admits that this is an action for patent infringement and that this Court has subject matter jurisdiction over this action, but denies the remaining allegations in Paragraph 1.

2. Plaintiff Delta is a Virginia limited liability company, having its principal place of business at 666 Fifth Avenue, 8th Floor, New York, New York 10103.

ANSWER: SinterFire is without knowledge or information sufficient to form a basis for answering the allegations of Paragraph 2, and therefore on that basis denies them.

3. On information and belief, Defendant SinterFire has a principal place of business at 200 Industrial Park Road, Kersey, Pennsylvania 15846. Defendant SinterFire does business in this District.

ANSWER: SinterFire admits the allegations in Paragraph 3.

4. Delta is the owner, by assignment, of the `454 patent which was duly and lawfully issued by the United States Patent and Trademark Office on June 13, 2000. A true and correct copy of the `454 patent is attached hereto as Exhibit A.

ANSWER: SinterFire admits that a copy of a document purporting to be U.S. Patent No. 6,074,454 is attached to the Complaint. SinterFire is without knowledge or information sufficient to form a basis for answering the remainder of the allegations of Paragraph 4, and therefore on that basis denies them.

5. Upon information and belief, SinterFire is manufacturing, selling and/or offering to sell products that infringe the claims of the `454 patent under 35 U.S.C. § 271. SinterFire is

directly infringing, contributorily infringing and/or inducing the infringement of the ‘454 patent. SinterFire will continue to infringe the `454 patent unless enjoined by this Court.

ANSWER: SinterFire denies the allegations in Paragraph 5.

6. Delta has placed the required statutory notice on the products manufactured and sold by Delta and/or its licensees which embody the invention of the ‘454 patent.

ANSWER: SinterFire is without knowledge or information sufficient to form a basis for answering the allegations of Paragraph 6, and therefore on that basis denies them.

7. SinterFire’s activities in infringing the ‘454 patent are willful and wanton, constituting willful infringement of such United States Patent under 35 U.S.C. § 285.

ANSWER: SinterFire denies the allegations in Paragraph 7.

8. Delta has been irreparably damaged and will continue to be irreparably damaged by reason of SinterFire’s infringement of the ‘454 patent unless this Court restrains the infringing acts of SinterFire. Delta is without an adequate remedy at law.

ANSWER: SinterFire is without knowledge or information sufficient to form a basis for answering the allegations of Paragraph 8, and therefore on that basis denies them.

## **AFFIRMATIVE DEFENSES**

**First Affirmative Defense**: Non-Infringement

9. SinterFire has not and is not directly or indirectly infringing, actively inducing others to infringe, or contributing to the infringement of the claims of the ‘454 patent.

10. By reason of the proceedings in the United States Patent and Trademark Office during prosecution of the application which resulted in the issuance of the `454 patent, including statements, arguments, and amendments to the claims made during said prosecution by or on

behalf of the patentee, Delta is estopped to assert that SinterFire has infringed or is infringing the ‘454 patent.

**Second Affirmative Defense**: Invalidity

11. The ‘454 patent is invalid under the Patent Laws of the United States, Title 35, United States Code, for failing to meet, *inter alia*, one or more of the conditions for patentability specified in Sections 101, 102, 103, and/or 112.

**Third Affirmative Defense**: Laches

12. The ‘454 patent issued on June 13, 2000. More than six years prior to the filing of this infringement action, Plaintiff discovered that Defendant was making products Plaintiff now alleges infringe the ‘454 patent. Alternatively, in the exercise of reasonable diligence and in view of Defendant’s open and recognized making of accused products in a relatively limited market, Plaintiff should have known of its claim against Defendant more than six years prior to the filing of this action. Thus, Plaintiff’s delay of more than six years is both unreasonable and inexcusable. Furthermore, as the result of this action, Defendant will suffer economic prejudice in the form of a loss of monetary investments and incur other economic damages, which likely could have been prevented if Plaintiff filed suit earlier.

**Fourth Affirmative Defense**: Equitable Estoppel, Waiver, License, and/or Release

13. On January 12, 2001, Plaintiff and Defendant met to discuss Defendant’s alleged infringement of the ‘454 patent. At that meeting, Plaintiff and Defendant agreed that Defendant did not infringe the ‘454 patent. Such an agreement constituted Plaintiff’s waiver or release of its patent infringement claim, or a license to Defendant under the ‘454 patent, and/or Plaintiff should be estopped -- based on such agreement -- from asserting its patent infringement claim. To the extent that Defendant developed the market for frangible bullets and ammunition, it did so

in reasonable reliance on such agreement, to its substantial detriment. Due to Defendant's reasonable reliance on such agreement, Defendant will be prejudiced by its investment in time, capital, and effort if Plaintiff is allowed to proceed with its patent infringement claim.

## PRAYER FOR RELIEF

14. SinterFire denies that Plaintiff is entitled to judgment or any of the relief requested in Paragraphs (A) through (F) of the Complaint.

## COUNTERCLAIMS

For its Counterclaims against Delta, Springfield Munitions Company, LLC, and Kenneth Elliott, SinterFire alleges as follows:

15. These Counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 100, et. seq., respectively, as well as applicable Pennsylvania statutes and common law, as set forth below. Jurisdiction is based on Title 28 U.S.C. §§ 1331, 1338, and 2201, as well as the Court's supplemental jurisdiction under 28 U.S.C. § 1367 and the doctrines of pendant and ancillary jurisdiction. Venue in this Court is proper.

16. Based on the facts set forth in this Answer and Counterclaims, there exists an actual justiciable controversy between SinterFire and Delta, Springfield Munitions Company, LLC, and/or Kenneth Elliott concerning the alleged validity of the '454 patent; Delta's allegations that SinterFire is allegedly infringing such patent; SinterFire's denial of such validity and infringement; Delta's, Counterclaim Defendants' Springfield Munitions Company LLC's, and/or Kenneth Elliott's misappropriation of SinterFire's trade secrets; and Counterclaim Defendant Kenneth Elliott's breach of contract with SinterFire. Accordingly, SinterFire hereby asserts Counterclaims against Delta requesting a declaratory judgment that the '454 patent is

invalid and/or not infringed, as well as Counterclaims against Delta, Springfield Munitions Company LLC, and Kenneth Elliott for trade secret misappropriation under 12 Pa. C.S. §§5301-5308 of the Pennsylvania Uniform Trade Secrets Act, as well as a Counterclaim against Kenneth Elliott for breach of contract.

17. SinterFire is a Pennsylvania corporation having its principal place of business at 200 Industrial Park Road, Kersey, Pennsylvania 15846. Defendant SinterFire does business in this District.

18. Delta is a Virginia limited liability company, having its principal place of business at 666 Fifth Avenue, 8th Floor, New York, New York 10103.

19. Springfield Munitions Company, LLC is a limited liability company organized under the laws of the State of Nevada, with a principal place of business at 439 West Main Street, Ridgway, Pennsylvania ("SMC").

20. Kenneth Elliott ("Elliott") is an individual person and citizen of the Commonwealth of Pennsylvania, a principal and officer of Delta, and a principal and founder of SMC.

21. Elliott signed the first of two nondisclosure agreements with SinterFire on August 23, 2004, a copy of which is attached to this Answer and Counterclaim as Exhibit B (the "August 23, 2004 NDA").

**COUNTERCLAIM NO. 1**
**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201 AND 2202 AGAINST DELTA FOR PATENT INVALIDITY AND NONINFRINGEMENT**

22. SinterFire repeats and realleges every allegation of this Answer and Counterclaim and incorporates them herein by this reference.

23. Delta has charged SinterFire with infringement of the ‘454 patent and has filed this action against SinterFire in this Court for such alleged infringement.

24. SinterFire alleges that the claims of the ’454 patent are invalid, and that Sinterfire has not and is not infringing, actively inducing the infringement of, or contributing to the infringement of any claim of the ‘454 patent. As part of this allegation, SinterFire repeats and re-alleges, and incorporates herein by reference, each of the allegations set forth in Paragraphs 9 through 13 of the Affirmative Defenses set forth above.

25. SinterFire therefore seeks a declaratory judgment that the ‘454 patent is invalid and/or not infringed by SinterFire.

26. In view of the facts set forth herein and to be established at trial, this is an exceptional case favoring SinterFire. Thus, SinterFire seeks an award of its attorneys’ fees under 35 U.S.C. § 285.

**COUNTERCLAIM NO. 2**
**TRADE SECRET MISAPPROPRIATION**
**UNDER 12 Pa. C.S. §§5301-5308**
**AGAINST DELTA, SMC, AND ELLIOTT**

27. SinterFire repeats and realleges every allegation of this Answer and Counterclaim and incorporates them herein by this reference.

28. SinterFire is currently the world's leading manufacturer of frangible lead-free bullets that are loaded into ammunition used for training and duty rounds for law enforcement and military personnel. It was founded in 1998 and currently holds approximately 90% of the market share for frangible lead-free bullets in the United States.

29. SinterFire has achieved its leadership position in this field due to the innovative designs of its frangible bullets, its ability to get new products to market quickly, the quality and safety of the products it manufactures, and the excellence of its services.

30. SinterFire derives economic value and other business-related benefits from its trade secrets and proprietary information, which includes but is not limited to the equipment, processes and methods, and know-how for making bullets and ammunition, bullet and ammunition technology, information about the market for frangible lead-free bullets, information about the market for ammunition containing frangible lead-free bullets, bullet customer lists, ammunition customer lists, potential customers for bullets and ammunition, bullet and ammunition price information, methods of doing business, business plans, customer lists, bid formats, and training techniques.

31. SinterFire's information described in Paragraph 30 and other SinterFire confidential and proprietary information constitutes trade secret information, as that term is defined in 12 Pa. C.S. §§5301-5308 of the Pennsylvania Uniform Trade Secrets Act (hereinafter, "Trade Secrets").

32. SinterFire's Trade Secrets, as described in Paragraph 30, are not generally known and are not readily ascertainable by others using proper means and are the subject of reasonable efforts to maintain their secrecy.

33. On August 23, 2004 and October 12 and 13, 2004, Elliott met with officers of SinterFire to discuss SinterFire's possible participation in creating a new venture that would combine assets of SinterFire, Delta, and International Cartridge Corporation.

34. At that meeting, SinterFire disclosed to Elliott SinterFire's Trade Secrets. SinterFire subsequently decided not to participate in the proposed new venture.

35. SMC announced its existence on April 12, 2006. SMC's stated purpose is to manufacture frangible, lead-free bullets and ammunition.

36. Elliott has wrongfully disclosed, used, and continues to use and disclose SinterFire's Trade Secrets for his own personal economic gain, in violation of the August 23, 2004 NDA and 12 Pa.C.S. §§5301-5308. Elliott improperly disclosed SinterFire's Trade Secrets to SMC and/or Delta.

37. SMC and/or Delta wrongfully received SinterFire's Trades Secrets from Elliott with knowledge that they were SinterFire's Trade Secrets and that Elliott owed a duty of confidentiality and nondisclosure to SinterFire with respect to such Trade Secrets. Such duty of confidentiality and nondisclosure extended to SMC and Delta as well. SMC, Delta, and/or Elliott have wrongfully disclosed, used, and continue to use and disclose SinterFire's Trade Secrets for their own personal economic gain, in violation of a duty of confidentiality and nondisclosure to SinterFire, to SinterFire's substantial detriment, and in violation of 12 Pa.C.S. §§5301-5308.

38. Delta, SMC, and/or Elliott, jointly and severally, have misappropriated SinterFire's Trade Secrets, in violation of 12 Pa C.S. §§5301-5308.

39. As a result of the conduct described herein, SinterFire is entitled to a preliminary and permanent injunction prohibiting SMC, Delta, and/or Elliott from using SinterFire's Trade Secrets and/or disclosing SinterFire's Trade Secrets to anyone, and a preliminary and permanent injunction prohibiting the dissemination and misappropriation of SinterFire's Trade Secrets, pursuant to 12 Pa C.S. §5303(a).

40. SinterFire is further entitled to actual damages for Delta's, SMC's, and/or Elliott's misappropriation of Trade Secrets, and damages for unjust enrichment in accordance with 12 Pa.C.S. §5304(a).

41. SMC, Delta, and/or Elliott have acted with willful, wanton, and reckless disregard of SinterFire's rights, justifying an award of exemplary damages under 12 Pa.C.S. §5304(b) and reasonable attorneys' fees under 12 Pa.C.S. §5305(3).

**COUNTERCLAIM NO. 3**
**BREACH OF CONTRACT UNDER PENNSYLVANIA COMMON LAW**
**AGAINST ELLIOTT**

42. SinterFire repeats and realleges every allegation of this Answer and Counterclaim and incorporates them herein by this reference.

43. Elliott has wrongfully disclosed, used, and continues to use SinterFire’s Trade Secrets without permission, in breach of the August 23, 2004 NDA.

44. SinterFire is further entitled to actual damages for Elliott’s breach of the August 23, 2004 NDA.

**SINTERFIRE'S PRAYER FOR RELIEF**

WHEREFORE, SinterFire requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award relief, including but not limited to the following:

(a) dismissing the Complaint, with prejudice;

(b) denying each demand for relief made by Delta;

(c) declaring that SinterFire has not infringed, and is not infringing, the ‘454 patent;

(d) declaring that the ‘454 patent is invalid;

(e) permanently enjoining Delta and its officers, agents, directors, servants, employees, and those acting under the authority of or in privity or concert with Delta or any of them, from asserting or otherwise seeking to enforce the ‘454 patent against SinterFire or any

persons in privity with SinterFire, including SinterFire's successors, assigns, agents, and customers;

(f) permanently enjoining the Counterclaim Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them from using any of SinterFire's Trade Secrets or disclosing them to anyone for any purpose whatsoever;

(g) an order directing Counterclaim Defendants to return to SinterFire or certify the destruction of all of SinterFire's Trade Secrets, whether printed, physical, tangible, or electronic, in Counterclaim Defendants' possession, custody, or control;

(h) a judgment holding the Counterclaim Defendants jointly and severally liable for trade secret misappropriation and holding Elliott liable for breach of contract, and awarding SinterFire its actual damages proximately resulting from such wrongdoing;

(i) an order imposing a constructive trust on the Counterclaim Defendants' profits associated with their use or disclosure of SinterFire's Trade Secrets and Elliott's breach of contract;

(j) a judgment directing the Counterclaim Defendants, jointly and severally, to pay SinterFire punitive and/or exemplary damages, to be determined by the jury on all counts for which such damages have been sought and or recoverable;

(k) an order declaring this case exceptional under 35 U.S.C. § 285 and awarding SinterFire its reasonable attorneys' fees and expenses of litigation;

(l) a judgment awarding SinterFire its attorneys' fees under 12 Pa. C.S. §5305(3); and

(m) an order granting SinterFire such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SinterFire hereby demands a trial by jury for all issues triable by a jury.

Dated: February 5, 2007

Respectfully submitted,
THIEMAN & WARD

*/s/ William F. Ward*
William F. Ward, Esquire
Pa. I.D. No. 25266
436 Seventh Avenue
Koppers Bldg., Suite 2312
Pittsburgh, PA 15219
(412) 395-1245

Attorneys for Defendant,
SinterFire, Inc.

**Of Counsel:**
Stephen L. Peterson
John F. Hornick
Louis M. Troilo
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Av. N.W.
Washington, D.C. 20001-4413
(202) 408-4000