# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELTA FRANGIBLE AMMUNITION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-1477 |
| v. | ) ) | Judge McVerry |
| | ) | Magistrate Judge Caiazza |
| SINTERFIRE, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

The Defendant's Motions for partial summary judgment (Docs. 57 & 62) will be denied without prejudice pending the court's *Markman* rulings.

At the very least, Sinterfire's summary judgment Motions are informed by the claims construction arguments advanced at the *Markman* hearing. *Compare, e.g.*, Def.'s Br. regarding patent invalidity (Doc. 58) at 3 ("SinterFire bullets are not 'sintered' as that term is used in the . . . patent [in suit, or 'PIS'], but are heat treated at a temperature below which sintering occurs") *with* Joint Disputed Claims Construction Chart (Doc. 45) at 2 (parties dispute whether "sintering" means "heating" "at a temperature ranging from 1400 to 1900°F"); Def.'s Br. at 11 (conceding that factual issue remains regarding definition of "bronze") *with* Chart at 8 (disagreement regarding meaning of phrase "powder is bronze"); Def.'s Br. at 13, 18-23 (obviousness inquiry involves "differences, if any, between the invention and the prior art") *with Markman* hearing Tr. (basing claims

construction arguments on lengthy prosecution history, which included comparisons between prior art and PIS); *compare also, e.g.*, Def.'s Br. regarding non-infringement (Doc. 63) at 2-3, 7 (arguing that Defendant's manufacture does not involve "sintering" because process uses lower temperatures than PIS) *with* Chart cited *supra* (highlighting disputes regarding whether PIS's "sintering" includes restrictive temperature range); Def.'s Br. at 8 (Plaintiff cannot avail itself to doctrine of equivalents because of "prosecution history estoppel") *with* discussion *supra* (noting Defendant's extensive reliance on prosecution history at *Markman* hearing).

Placing the Defendant's summary judgment arguments ahead of claims construction is of little utility, and would create the potential for unnecessary adjudicative risk. Only once the court has considered the evidence and testimony presented at the *Markman* hearing, and ruled on claims construction, will it be equipped to address the Defendant's summary judgment arguments with care and consistency.[1]

---

[1] Resolving claims construction at the fore is consistent with *Markman*'s implicit goal of promoting settlement. *See generally Procedural Uncertainty in Markman Hearings: When Will the Federal Circuit Show the Way,* 18 St. John's J. Legal Comment. 1031, 1038 (Summer 2004) ("[e]arly claim construction . . . may encourage settlement") (citations in footnote omitted). Although the efficacy of this approach is subject to debate, the court nevertheless believes it worthy of consideration.

For all of these reasons, the Defendant's Motions for partial summary judgment (Docs. 57 & 62) are denied without prejudice to renewal after claims construction. IT IS FURTHER ORDERED that the Plaintiff's deadline for responding to summary judgment is VACATED, and the court's deadlines for *Markman* submissions remain unaffected.

April 23, 2008

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Russell D. Orkin, Esq.
Kent E. Baldauf, Jr., Esq.
Nathan J. Prepelka, Esq.
William F. Ward, Esq.
Ali I. Ahmed, Esq.
John F. Hornick, Esq.
Louis M Troilo, Esq.
Stephen L. Peterson, Esq.