IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELTA FRANGIBLE AMMUNITION, LLC, | ) ) ) | Civil Action No. 06-1477 |
| Plaintiff, | ) ) | Judge McVerry |
| v. | ) ) | Magistrate Judge Bissoon |
| SINTERFIRE, INC., | ) ) | |
| Defendant. | ) | |

# ORDER

For the reasons that follow, Defendant's Motion (Doc. 79) to stay this case pending reexamination of the patent-in-suit ("the PIS") will be denied.[1]

Initially, Defendant sought a stay based on its request before the United States Patent and Trademark Office (the "PTO") for an *inter partes* reexamination. *See* Def.'s Br. (Doc. 80) at 2; *see also generally* Cooper Techs. Co. v. Dudas, 536 F.3d 1330, 1332 (Fed. Cir. 2008) ("[u]nlike an *ex parte* reexamination . . ., an *inter partes* . . . proceeding allows the third-party requester to participate in the reexamination by submitting written comments addressing issues raised in the patent owner's response to an office action, appealing a decision in favor of patentability, and participating as a party to an appeal taken by the patent owner") (citation omitted). In response, Plaintiff demonstrated that Defendant's request was improper because the PIS application was filed before November 29, 1999 -- the cutoff date established in the statute governing the *inter partes* reexamination process. *See* Pl.'s Resp. (Doc. 84) at 2-3; *see also* Cooper, 536 F.3d

---

[1] A request for a stay of proceedings is a non-dispositive matter, subject to adjudication by a federal magistrate judge. Simoneaux v. Jolen Operating Co., 2004 WL 2988506, *2 (E.D. La. Dec. 15, 2004); *accord* Pass & Seymour, Inc. v. Hubbell Inc., 532 F. Supp.2d 418, 426 n.7 (N.D.N.Y. 2007) (citations omitted).

at 1331-32 (addressing Nov. 29, 1999 cutoff). Consequently, Defendant filed a request for *ex parte* reexamination on September 29, 2008, and renewed its arguments for a stay of the Court's proceedings. *See* Def.'s Reply Br. (Doc. 86) at 1.

In determining whether to stay a case pending reexamination of a patent, courts consider: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set. Innovative Office Prods., Inc. v. Spaceco, Inc., 2008 WL 4083012, *2 (E.D. Pa. Aug. 28, 2008) (citations and internal quotations omitted).

As to the first prong, the Court finds the timing of Defendant's reexamination request suspect. Significantly, the request came only nine days after Defendant received an unfavorable *Markman* ruling on the PIS, and one day before the PTO's final rejection of the PIS's continuation in part, U.S. Patent Number 6,536,352 ("the '352 Patent"). *Compare* Def.'s Br. at 1 (initial request for reexamination was filed Sept. 4, 2008) *with* Mem. Order dated Aug. 25, 2008 (Doc. 78) (adopting Plaintiff's proposed definition of disputed claim terms); *see also* Def.'s Br. at 8-9 (reexamination of '352 Patent led to its final rejection on Sept. 5th, purportedly suggesting PIS also will be rejected or amended). Courts are wary of requests that appear motivated by "an unfavorable ruling by the court or a favorable ruling by the PTO," as requests in this context suggest potential attempts to manipulate the reexamination process. *See generally* Ho Keung Tse v. Apple Inc., 2007 WL 2904279, *4 (N.D. Cal. Oct. 4, 2007) (citation omitted); *see also generally* discussion *supra* (stay disfavored where it presents "a clear tactical disadvantage to the non-moving party"). Moreover, Defendant's delay of approximately 22 months since the filing of this lawsuit to request reexamination further amplifies the Court's concerns. *See* Middleton,

Inc. v. Minnesota Mining & Mfg. Co., 2004 WL 1968669, *6 (S.D. Iowa Aug. 24, 2004) ("[c]ourts have generally considered a delay in seeking reexamination," and "[t]he potential for abuse inherent in granting a stay [is apparent] where the petition for reexamination comes very late and without [adequate] explanation") (citation and internal quotations omitted, some alterations in original).

Additionally, Plaintiff undoubtedly would suffer prejudice given the lengthy delay caused by the reexamination process and Defendant's ability to challenge patent validity regardless of the outcome. *See* Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc., 2007 WL 1655625, *5 (N.D. Cal. Jun. 7, 2007) ("[c]ourts have recognized that the reexamination process . . . often tak[es] years to run its course, and in the meantime [the movant may] be free to market and sell its purportedly infringing [product] unfettered"; "[m]oreover, if any claim[s ar]e ultimately rejected by the PTO, [the patent holder may feel compelled to] appeal the examiner's decision to the Board of Patent Appeals and Interferences, which decision could in turn be appealed to the Federal Circuit") (citations omitted); Spa Syspatronic, AG v. Verifone, Inc., 2008 WL 1886020, *2 (E.D. Tex. Apr. 25, 2008) (agreeing nonmovant would suffer "some prejudice" because requested reexamination was *ex parte*, "meaning [movant would] not be estopped from relitigating validity of the patent[] at trial after reexamination") (citation omitted). Given the suspicious timing of Defendant's request and the potential for prejudice to Plaintiff, this prong weighs heavily against granting a stay.

The Court also must consider the current status of litigation when assessing the propriety of a stay. Typically and logically, courts are more inclined to grant a stay earlier in the litigation rather than later. *Compare, e.g.*, Spa Syspatronic, 2008 WL 1886020 at *4 (granting stay where motion was presented pre-*Markman*, "discovery was still in its infancy," and "[n]either the

3

[c]ourt nor the parties ha[d] invested such resources as to make a stay . . . inefficient and inappropriate") *with* Storus Corp. v. Aroa Mktg., Inc., 2008 WL 540785, *1 (N.D. Cal. Feb 25, 2008) (stay denied where "discovery ha[d] been completed, no claims remain[ed] to be construed, and no pretrial matters remain[ed] pending, other than the [c]ourt's consideration of fully-briefed motions in limine"). While this case arguably falls somewhere closer to the middle of its litigation life cycle, there has been a significant investment of the Court's time and substantial litigation to date on claim construction. As such, the Court finds that the status of the case weighs in favor of rejecting Defendant's request for a stay.

Finally, the Court must assess whether a stay will simplify the issues and trial of the case. Innovative Office Products, 2008 WL 4083012 at *2. As Plaintiff correctly notes, there exists substantial overlap between Defendant's arguments for *ex parte* reexamination and the issues addressed in the original prosecution history, not to mention the *Markman* proceedings in this Court. *See* Pl.'s Resp. at 2 (arguing same); *compare also* Def.'s request for *ex parte* reexamination (attached as Ex. 1 to Doc. 86) at 8-12, 15-22, 24-35 (discussing same prior art as was considered in original prosecution history) *with Markman* R&R dated Jul. 23, 2008 (Doc. 75) at 19-35 (addressing prosecution history and rejecting many of same arguments now advanced in support of Defendant's reexamination request), *adopted as Opinion of Dist. Ct.* by Mem. Order dated Aug. 25, 2008. Under these circumstances, the Court has reason to doubt Defendant's suggestion that "the claims of the [PIS almost certainly] will be rejected or [materially] amended" on reexamination (*cf.* Def.'s Br. at 9) and, therefore, reexamination seems unlikely to simplify the issues before this Court.

On balance, the Court finds that the factors disfavoring a stay outweigh the justifications for granting the same. Therefore, Defendant's Motion for Stay of Litigation Pending Reexamination of Plaintiff's Patent (**Doc. 79**) is **DENIED**.

IT IS FURTHER ORDERED that lead counsel shall participate in a telephone status conference on October 15, 2008 at 10:00 a.m. to address whether court-guided settlement discussions or outside mediation are appropriate and, if not, the entry of a case management order regarding the completion of any outstanding discovery, the filing of dispositive motions, and any other pretrial matters that remain. Counsel shall initiate the conference.

IT IS SO ORDERED.


October 7, 2008                                     s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge

cc (via email):

Russell D. Orkin, Esq.
Kent E. Baldauf , Jr., Esq.
Nathan J. Prepelka, Esq.
William F. Ward, Esq.
Ali I. Ahmed, Esq.
John F. Hornick, Esq.
Louis M. Troilo, Esq.
Stephen L. Peterson, Esq.