IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELTA FRANGIBLE AMMUNITION, LLC, )<br>)<br>) Plaintiff, )<br>)<br>v. )<br>)<br>SINTERFIRE, INC., )<br>)<br>Defendant. ) | Civil Action No. 06-1477<br><br>Judge McVerry<br>Magistrate Judge Bissoon |

**ORDER**

Defendant's Motion for Leave to Amend its Answer and Counterclaim (Doc. 89) will be granted.

Defendant seeks to amend its pleadings to assert a defense and counterclaim of patent invalidity and/or unenforceability based on Plaintiff's purported inequitable conduct in the procurement of U.S. Patent No. 6,074,454 ("the PIS").[1] *See* Def.'s Br. (Doc. 90) at 1. In large part, Defendant relies on Plaintiff's alleged failure to disclose to the USPTO information regarding related patent applications it filed in foreign countries. *See generally id.* at 6. While acknowledging that some of these materials are part of the public record, Defendant asserts that others are not. *See id.*

In response, Plaintiff argues that Defendant's January 2008 discovery requests sought "all documents pertaining to all patents or patent applications" relating to "the same or similar subject matter described" in the PIS, and that this request did not reasonably include foreign patents or applications. *See* Pl.'s Opp'n Br. (Doc. 92) at 2. Plaintiff claims it first learned of

---

[1] As appropriate, the Court's references to "Plaintiff" mean its relevant predecessor(s)-in-interest.

the request for foreign patent materials through a correspondence sent by Defense counsel in November 2008, and Plaintiff claims to have promptly produced the documents in December 2008. *Id.* Plaintiff argues that Defendant's failure to previously request foreign documents constitutes undue and inexcusable delay. *Id.*

Plaintiff's arguments regarding delay are founded on the presumption that Defendant's January 2008 discovery request was insufficiently broad to capture information regarding foreign patents and applications. *See* discussion *supra*. The Court cannot join this presumption, as there was no language in the relevant document request limiting production to materials relating to U.S. patents or applications. *See* Pl.'s Opp'n Br. at 2 (Defendant requested "all documents pertaining to all patents or patent applications owned" by Plaintiff regarding "the same or similar subject matter described" in PIS) (quoting Def.'s Jan. 2008 Doc. Request No. 6, emphasis added). And although Plaintiff asserts that "the non-privileged documents . . . relied upon by [Defendant in] its present Motion" already were in Defendant's possession, Plaintiff's evidence neither establishes this fact nor refutes Defense counsel's assertion that less than all of the foreign materials were publicly available. *Compare* Pl.'s Opp'n Br. at 4 (relying exclusively on Defense counsel's letter dated Nov. 7, 2008) *with* Def. Counsel's Nov. 7th Ltr. (filed under Doc. 92-9) at 2 (making only passing reference to "the European counterpart to the [PIS]"); *cf. also generally* Bowser Cadillac, LLC v. General Mot. Corp., 2008 WL 2802523, *2 (W.D. Pa. Jul. 18, 2008) (Fischer, J.) ("[p]resumably, the liberal ethos of [Federal Rule 15(a)] means that the party opposing amendment bears a burden of production to come forward with reasons or evidence to deny leave to amend") (citation omitted).[2]

---

[2] The law is less than clear regarding which party bears the burden of proof under Federal Rule 15(a). *Compare* Bowser, cited *supra*, *with* Payne v. City of Phila., 2005 WL 1863188, *2 (E.D. Pa. Aug. 3, 2005) (moving party "bears the burden of proof in explaining the reasons for

2

Plaintiff's only other basis for resisting amendment is the purported futility of the same. *See* Pl.'s Opp'n Br. at 5-9 (arguing, among other things, that information regarding foreign patents was not "material" to examination of PIS). Plaintiff's "materiality" arguments invite the application of a "no reasonable [patent] examiner" standard, *see id.* at 6-7, and the Court finds such an inquiry inappropriate given the relatively low hurdles presented by Defendant's request for amendment. *See generally* Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000) ("[f]utility is governed by the same standard of legal sufficiency that applies under [R]ule 12(b)(6)") (citation to quoted source omitted).

Finally, as to prejudice, Plaintiff does not contest Defendant's assertions that: (1) Plaintiff has always been in possession of the information relevant to Defendant's new defense and counterclaims; (2) the proposed amendments will not require the taking of additional discovery; and (3) adequate time remains for Plaintiff to prepare its case. *Compare* Def.'s Br. at 13 *with* Pl.'s Opp'n Br. (failing to refute same).

For all of these reasons, and consistent with Federal Rule 15(a), Defendant's Motion (**Doc. 89**) is **GRANTED**, and Defendant shall file its amended pleadings by January 8, 2009.

IT IS SO ORDERED.


January 6, 2009                              s/Cathy Bissoon
                                                                   Cathy Bissoon
                                                                     United States Magistrate Judge

---

delay in seeking leave to amend") (citation to quoted source omitted). Given the liberality reflected in Rule 15(a), however, the Court does not believe that leave for amendment here should turn on "he said, she said" disputes regarding the scope of materials available to Defendant through public sources.

cc (via email):

Russell D. Orkin, Esq.
Kent E. Baldauf , Jr., Esq.
Nathan J. Prepelka, Esq.
William F. Ward, Esq.
Ali I. Ahmed, Esq.
John F. Hornick, Esq.
Louis M. Troilo, Esq.
Stephen L. Peterson, Esq.