IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Delta Frangible Ammunition, LLC,<br>Plaintiff/Counterclaim Defendant,<br>v.<br>SinterFire, Inc.,<br>Defendant/Counterclaim Plaintiff. | Civil Action No. 2:06-cv-1477<br>Judge Terrence F. McVerry<br>Magistrate Judge Cathy Bissoon |

**AMENDED ANSWER AND COUNTERCLAIMS OF**
**DEFENDANT SINTERFIRE, INC.**

Pursuant to the Federal Rules of Civil Procedure and the Court's Order dated January 6, 2009, Defendant and Counterclaim Plaintiff SinterFire, Inc. ("SinterFire"), by its undersigned attorneys, for its Answer to the Complaint and for its Counterclaims for a declaratory judgment, alleges as follows:

SinterFire responds to the individually numbered paragraphs of the Complaint of Delta Frangible Ammunition, LLC ("Delta") as follows:

**PARTIES**

1. SinterFire admits that this is an action for patent infringement and this Court has jurisdiction over this action, but denies the remaining allegations in Paragraph 1.

2. SinterFire is without knowledge or information sufficient to form a basis for answering the allegations of Paragraph 2, and therefore on that basis denies them.

3. SinterFire admits the allegations in Paragraph 3.

4. SinterFire admits a copy of a document purporting to be U.S. Patent No. 6,074,454 is attached to the Complaint. SinterFire is without knowledge or information

sufficient to form a basis for answering the allegations of Paragraph 4, and therefore on that basis denies them.

5. SinterFire denies the allegations in Paragraph 5.

6. SinterFire is without knowledge or information sufficient to form a basis for answering the allegations of Paragraph 6, and therefore on that basis denies them.

7. SinterFire denies the allegations in Paragraph 7.

8. SinterFire is without knowledge or information sufficient to form a basis for answering the allegations of Paragraph 8, and therefore on that basis denies them.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:** Non-Infringement

9. SinterFire has not and is not infringing, actively inducing others to infringe, or contributing to the infringement of the claims of the ‘454 patent.

10. By reason of the proceedings in the United States Patent and Trademark Office during prosecution of the application which resulted in the issuance of the `454 patent, including statements, arguments, and amendments to the claims made during said prosecution by or on behalf of the patentee, Delta is estopped to assert that SinterFire has infringed or is infringing the ‘454 patent.

**SECOND AFFIRMATIVE DEFENSE**: Invalidity

11. The ‘454 patent is invalid under the Patent Laws of the United States, Title 35, United States Code, for failing to meet, *inter alia*, one or more of the conditions for patentability specified in Sections 101, 102, 103, and 112, and for withholding material prior art from the U.S. Patent and Trademark Office, as set forth in SinterFire’s counterclaims.

**THIRD AFFIRMATIVE DEFENSE**: Laches

12. The ‘454 patent issued on June 13, 2000. More than six years prior to the filing of this infringement action, Delta discovered that Defendant was making the frangible bullets and ammunition it now alleges infringe the ‘454 patent. Alternatively, in the exercise of reasonable diligence and in view of Defendant’s open and recognized making of frangible bullets and ammunition in a relatively limited market, Delta should have known of its claim against Defendant more than six years prior to the filing of this action. Thus, the delay of more than six years is both unreasonable and inexcusable. Furthermore, Defendant will suffer economic prejudice in the form of a loss of monetary investments and incur other economic damages which likely could have been prevented if Delta filed suit earlier.

**FOURTH AFFIRMATIVE DEFENSE**: Equitable Estoppel

13. On January 12, 2001 Delta and Defendant met to discuss Defendant’s alleged infringement of the ‘454 patent. At that meeting, Plaintiff agreed that Defendant did not infringe the ‘454 patent and written agreements to that effect were prepared, but were never executed. Such an agreement constituted Plaintiff’s waiver or release of its patent infringement claim, or a license to Defendant under the ’454 patent, and/or Plaintiff should be estopped--based on such agreement--from asserting its patent infringement claim. To the extent that Defendant developed the market for frangible bullets and ammunition, it did so in reasonable reliance on such agreement, to its substantial detriment. Due to Defendant’s reasonable reliance on such agreement, Defendant will be prejudiced by its investment in time, capital and effort if Plaintiff is allowed to proceed with its patent infringement suit.

**FIFTH AFFIRMATIVE DEFENSE**: Inequitable Conduct

14. Delta's claims for relief are barred by unenforceablity of the patent in suit due to inequitable conduct for reasons, *inter alia*, detailed in Count IV of the Counterclaims set forth below and incorporated here.

## COUNTERCLAIMS

By way of its Counterclaims against Delta, SinterFire alleges as follows:

1. This is a counterclaim for a declaratory judgment that SinterFire has not infringed, and is not infringing, the '454 patent, that the '454 patent is invalid, that the '454 patent is unenforceable, and that Delta is prohibited from collecting any monetary damages from SinterFire for any alleged infringement.

## JURISDICTION AND PARTIES

2. Defendant and Counterclaim Plaintiff SinterFire, Inc. is a Pennsylvania corporation with its corporate office and principal place of business at 200 Industrial Park Road, Kersey, PA 15846. As a leading manufacturer of projectiles, SinterFire does business in this judicial district.

3. On information and belief, Plaintiff and Counterclaim Defendant Delta Frangible Ammunition LLC is a Virginia limited liability company. Delta's principal place of business at 666 Fifth Avenue, 8th; Floor, New York, New York 10103.

4. These Counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, and more particularly, under Title 28 U.S.C. §§ 2201 and 2202, and Title 35 U.S.C. § 100, et. seq., respectively. Jurisdiction is based on Title 28 U.S.C. §§ 1338

and 2201. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5. Venue is proper in this district under 28 U.S.C. § 1391.

**FACTS**

6. On November 17, 2006, Delta sued SinterFire, claiming that Delta is the owner of the ’454 patent, and accusing SinterFire of infringing the ’454 patent.

7. Delta’s accusations--although unfounded--and conduct give rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

8. SinterFire alleges that the claims of the ’454 patent are invalid, and that SinterFire has not and is not infringing, actively inducing the infringement of, or contributing to the infringement of any claim of these patents. As part of this allegation, SinterFire repeats and re-alleges, and incorporates herein by reference, each of the allegations set forth in Paragraphs 9 through 14 of the Affirmative Defenses set forth above.

9. During the 1990s, Delta approached SinterFire on a number of occasions in an effort to license SinterFire’s lead-free frangible bullet, apparently after failing to produce its own product. Delta, also, pursued various opportunities to partner with SinterFire to develop ammunition. SinterFire never accepted Delta’s licensing or joint venturship offers. Upon information and belief, Delta had knowledge of SinterFire’s sales of lead-free frangible bullets as a result of Delta’s monitoring of competitive products and its licensing initiatives. Although Delta was aware that SinterFire was selling these products, Delta never accused nor even suggested that SinterFire infringed the ’454 patent prior to initiating this lawsuit.

10. For over 6 years, Delta has failed to assert any allegations of patent infringement based on the ’454 patent despite being aware of the ingredients of SinterFire’s lead-free frangible

bullets since at least 2000 (when SinterFire's patent issued). This 6-year period constitutes an unreasonable delay. Moreover, despite the contacts between the parties through the 1990s concerning licensing of Delta's so-called "lead-free frangible bullets," Delta never suggested that SinterFire infringed the '454 patent. SinterFire has continued expansion of its ammunition business in light of Delta's conduct and has suffered prejudice of both an evidentiary and economic nature as a result of Delta's conduct.

11. SinterFire is currently the world's leading manufacturer of frangible lead-free bullets that are loaded into ammunition that is used for training and duty rounds for law enforcement and military personnel. It was founded in 1998 and currently holds approximately 90% of the market share for frangible lead-free bullets in the United States.

12. SinterFire has achieved its leadership position in this field due to the innovative designs of its frangible bullets, its ability to get new products to market quickly, the quality and safety of the products it manufactures, and the excellence of its services.

**COUNT I - NONINFRINGEMENT OF THE '454 PATENT**

13. SinterFire repeats and realleges the allegations in paragraphs 1 through 12 of the Counterclaim above, as if fully set forth herein.

14. SinterFire has not infringed, and is not infringing, the '454 patent.

15. SinterFire is entitled to a declaratory judgment that it has not infringed, and is not infringing, the '454 patent.

**COUNT II - INVALIDITY OF THE '454 PATENT**

16. SinterFire repeats and realleges the allegations in paragraphs 1 through 15 of the Counterclaim above, as if fully set forth herein.

17. The ’454 patent is invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. § 101 et seq., including without limitation 35 U.S.C. §§ 102, 103, 112, and/or 256, and for withholding material prior art from the U.S. Patent and Trademark Office, as set forth in SinterFire’s counterclaims.

18. SinterFire is entitled to a declaratory judgment that the ’454 patent is invalid.

**COUNT III - LACHES AND EQUITABLE ESTOPPEL**

19. SinterFire repeats and realleges the allegations in paragraphs 1 through 18 of the Counterclaim above, as if fully set forth herein.

20. Delta is barred through the equitable doctrines of laches and estoppel from collecting monetary damages and from seeking an injunction against SinterFire for any alleged infringement of the ’454 patent.

21. SinterFire is entitled to a declaratory judgment that, as a result of Delta’s conduct, the ’454 patent cannot be enforced prospectively and that Delta is prohibited from collecting any monetary damages.

**COUNT IV – UNENFORCEABILITY OF THE ‘454 PATENT**

22. SinterFire incorporates the allegations of paragraphs 1-21 of the Counterclaim above.

23. The ’454 patent is unenforceable because one or more person charged with a duty of candor and good faith before the U.S. Patent and Trademark Office (“the PTO”) failed to discharge that duty and engaged in inequitable conduct in at least the manner set forth in the following paragraphs.

**SUMMARY**

24. During prosecution of the application that matured into the ’454 patent, the inventors and prosecuting attorney withheld material prior art from the PTO in order to deceive the PTO and to prevent the rejection of such application as nonpatentable over such prior art, and engaged in a pattern of misconduct, as set forth below and as not yet known to SinterFire due to Delta’s withholding of information.

25. In connection with a declaration filed on January 27, 1999 with the PTO to obtain allowance of the application leading to the ‘454 patent, one of the inventors asserted that technology he had obtained from SinterFire was his invention, when in fact it is not.

26. Two of the three inventors, who had obtained technology from SinterFire, filed a patent application, related to the ‘454 patent, that became U.S. Patent No. 6,536,352, claiming that technology obtained from SinterFire was their invention.

**U.S. PATENT NOS. 6,074,454 (“THE ’454 PATENT”)**

27. During the 1990s and early 2000s, Delta obtained a small portfolio of patents directed to its so-called “lead-free frangible bullets” technology from SCM Metal Inc. The claims of the ’454 patent are all directed to frangible bullets made by sintering copper or copper alloy powders. The patent discloses processes for making bullets, bullets and ammunition made by those processes, and powders from which to make the bullets. The basic process includes the steps of pressing a copper-containing powder in a die to form a pressed powder compact and subsequently sintering the pressed powder compact. The three inventors of the ’454 patent are Anil Nadkarni, John Abrams, and Roy Kelly.

28. The patent application which led to the ’454 patent was filed on July 11, 1996 and issued on June 13, 2000. SCM Metals Inc., the original owner of the ’454 patent, filed a

corresponding European Patent Application 97 922 470 (published as WO 98/02266 on January 22, 1998 and as EP 0853518 on July 22, 1998). During prosecution of the European application, the European Patent Office conducted a search for documents considered to be relevant. On April 7, 1999, the European Patent Office issued a Search Report listing four documents as prior art: a) JP 04 131334; b) EP 0 638 654; c) GB 2 278 423; and d) EP 0 689 889. The European Patent Office marked documents (a), (b), and (c) as “particularly relevant if taken alone” and rejected the application based on these prior art references, and rejected the application based on a legal premise fully applicable in the United States.

29. At the same time, the ’454 patent was still under examination at the PTO, yet neither this European Search Report, nor any of its cited references or grounds for rejection, were cited to the U.S. Examiner. Delta’s predecessors improperly withheld such prior art from the PTO, with intent to deceive.

30. The prosecuting patent attorney for the ’454 patent, Mr. John J. Santalone, signed and submitted several Information Disclosure Statements (“IDSs”) to the PTO during prosecution of the ’454 patent. None of the references listed in the European Search Report were included in the IDSs, but were intentionally withheld. After an independent search, the Examiner discovered and cited one of the four references cited in the European Search Report.

31. In submitting these IDSs, Mr. Santalone and the three inventors knew that the European Patent Office had indicated that the cited patents were particularly relevant to the field of frangible projectiles and ammunition, and, thus, material to the patentability of the ’454 patent under 37 C.F.R. § 1.56. Although the ’454 patent is also directed to the field of lead-free frangible projectiles, the inventors never disclosed the European Search Report or the patents cited therein during prosecution of the ‘454 patent.

32. In addition to the failure to cite material references, one of the inventors filed a false declaration with the PTO during the prosecution of the application leading to the ’454 patent. In connection with a declaration filed on January 25, 1999 with the PTO to obtain allowance of the application, Mr. Anil Nadkarni asserted that technology he had obtained from SinterFire was his invention, when in fact it was not. What Mr. Nadkarni failed to disclose to the Patent Office is the fact that the substance of his January 25, 1999 declaration related to low temperature heat treatment came to him only after meeting with SinterFire personnel and testing SinterFire’s bullets in July 1998.

33. Mr. Nadkarni’s declaration states “I hearby declare that all the statements herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements are made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that any such willful false statements may jeopardize the validity of the application or any patent issued thereon.” Mr. Nadkarni was aware that this technology belonged to SinterFire.

34. The patent attorney, Mr. Santalone, and the inventors of the ’454 patent, who were involved with the preparation and prosecution of the ’454 patent, were all under a “duty of candor and good faith” pursuant to 37 C.F.R. § 1.56.

35. The Manual for Patent Examining Procedure (“MPEP”) §2001.06 requires Applicants to bring to the attention of the USPTO any material prior art or other information cited or brought to their attention in any related foreign application.

36. In light of the subject matter disclosed by the withheld patents, a reasonable examiner would consider the cited prior art in the European Search Report important in deciding whether to allow the claims of the ’454 patent.

37. On information and belief, SCM Metals Inc., the original owner of the ’454 patent, filed corresponding patent applications in at least Australia, Korea, and Canada while the ’454 patent was prosecuted in the USPTO. On information and belief, the corresponding Korean and Canadian applications were abandoned in view of the cited prior art references, which were not disclosed to the U.S. Examiner.

**U.S. PATENT NO. 6,536,352 (“THE ’352 PATENT”)**

38. Delta’s second patent obtained from SCM Metals Inc. was U.S. Patent No. 6,536,352, also directed to its so-called “lead-free frangible bullets” technology. The application leading to the ’352 patent was a continuation in part of the ’454 patent. The ‘352 patent shares some of the disclosure of the ‘454 patent, but is directed to forming lead-free, copper-containing frangible bullets using a low temperature heating step that the inventors explicitly contrast to the ‘454 patent. Two of the inventors of the ’454 patent, Anil Nadkarni and John Abrams, are also the inventors of the ’352 patent.

39. The patent application which led to the ’352 patent was filed on May 10, 2000 and issued on March 25, 2003.

40. At least as early as 1998, Mr. Nadkarni and Mr. Abrams learned of forming lead-free frangible bullets using low temperature heat treatment from SinterFire and claimed this technology as their own invention by filing the application leading to the ’352 patent in 2000. In addition, they were aware in 1998 that SinterFire’s bullets were being commercially sold .

41. Mr. Nadkarni and Mr. Abrams both filed an Oath with the application leading to the ’352 patent. The Oath stated, “I believe I am the original. . . . first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled ‘Improved Lead-Free Frangible Bullets and Process For Making the Same’ ” and “I acknowledge the duty to disclose information of which I am aware which is material to patentability of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56.”

42. Neither the European Search Report dated April 7, 1999 nor the references cited therein were ever cited to the PTO during the prosecution of the application leading to the ‘352 patent that issued on March 25, 2003. Delta’s predecessors improperly withheld such prior art from the PTO, with intent to deceive.

43. Mr. Santalone and the two inventors knew that the European Patent Office had indicated that the cited patents were particularly relevant to the field of frangible projectiles and ammunition, and, thus, material to the patentability of the ’352 patent under 37 C.F.R. § 1.56. Although the ’352 patent is also directed to the field of lead-free frangible projectiles, Delta’s predecessors never disclosed the European Search Report or the patents cited therein during prosecution of the ‘352 patent.

44. The prosecuting patent attorney and the inventors of the application leading to the ’352 patent withheld the material prior art from the PTO with the intent to deceive the PTO.

45. The prosecuting patent attorney and the inventors of the application leading to the ’352 patent received and tested SinterFire’s publicly available frangible bullets and failed to disclose this material prior art to the USPTO.

46. The filing of and the failure to disclose material prior art during the prosecution of the application leading to the ’352 patent is part of a larger pattern of conduct which renders the ’454 and the ’352 patent unenforceable.

47. SinterFire is entitled to a declaratory judgment that the ’454 patent is unenforceable as a result of Delta’s predecessors’ inequitable conduct.

**SINTERFIRE'S PRAYER FOR RELIEF**

WHEREFORE, SinterFire requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award relief, including but not limited to the following:

(a) Dismissing the Complaint, with prejudice;

(b) Denying each demand for relief made by Delta;

(c) Declaring that SinterFire has not infringed, and is not infringing, the ‘454 patent;

(d) Declaring that the ‘454 patent is invalid and unenforceable;

(e) Declaring this case exceptional under 35 U.S.C. § 285 and awarding SinterFire its reasonable attorneys’ fees and expenses of litigation; and,

(f) Granting SinterFire such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Counterclaim Plaintiff SinterFire hereby demands a trial by jury for all issues triable by a jury.

Respectfully submitted,

Date: January 8, 2009

/s/ Stephen L. Peterson
Stephen L. Peterson (*pro hac vice)*
Louis M. Troilo (*pro hac vice)*
Ali I. Ahmed (*pro hac vice*)
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Ave. N.W.
Washington, D.C. 20001-4413
(202) 408-4000

*Attorneys for Defendant,*
*SinterFire, Inc.*

**Of Counsel:**
William F. Ward, Esquire
WARD McGOUGH, LLC
PA. I.D. No. 25266
2312 Koppers Bldg.
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 395-1245
wfw@wardmcgough.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2009, I electronically filed the foregoing AMENDED ANSWER AND COUNTERCLAIM with the Clerks of the Court using the CM/ECF system, which will send notification of such filing to the following:

Attorneys for Plaintiff and Counterclaimant
DELTA FRANGIBLE AMMUNITION, LLC:

Russell D. Orkin
PA I.D. No. 01331
Kent E. Baldauf, Jr.
PA I.D. No. 70793
Nathan J. Prepelka
PA I.D. No. 83742

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburg, PA 15219-1818
(412) 471-8815

/s/ Stephen L. Peterson
Stephen L. Peterson