# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELTA FRANGIBLE AMMUNITION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-1477 |
| v. | ) ) ) | Judge McVerry<br>Magistrate Judge Bissoon |
| SINTERFIRE, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

After the hearing held today by telephone, Plaintiff's Emergency Motion (Doc. 96) will be granted to the extent described below.

Defense counsel acknowledges having sent a letter, dated December 19, 2008, to five companies in the munitions business. The letter asserts Defense counsel's positions regarding the merits of this lawsuit, attempting to convince current and/or prospective customers that Defendant will prevail in the litigation or, at a minimum, that the production of its bullets will not be enjoined by the Court. *See* Def. Counsel's Ltr. (filed under Doc. 96-2). Defense counsel asserts that the letter was motivated by Plaintiff's own efforts to convince industry members regarding the likelihood of its success in this case.

Had Defense counsel made clear that the contents of the letter were pure legal opinion, or had it merely summarized matters of public record, attributing factual allegations to the parties making them, Plaintiff's concerns regarding future dissemination of the letter may have been viewed in a different light. The letter, however, states certain of Defendant's factual averments as unquestionably true, suggesting they have been determined by the Court or a jury or otherwise

are beyond dispute. *See, e.g.*, Ltr. at 3-4 (Plaintiff has "falsely claim[ed] SinterFire['s] technology [as its] own," and Plaintiff "[can]not [now or in the future] force [Defendant] to cease production" of its bullets). Defendant's averments, represented in Defense counsel's letter as fact, portray Plaintiff in a very bad light and, if believed, they would certainly cause a likelihood of irreparable harm to Plaintiff's reputation and good will in the industry. *See id.* (indicating Plaintiff has engaged in "inequitable conduct" and "fraud"; it "hindered" Defendant's investigation regarding intellectual property rights; and Plaintiff "falsely" "claimed [Defendant's] invention as [its] own on two separate occasions"). And, although Defense counsel argues that the letter "implicitly" reflects Defendant's <u>opinions</u> regarding disputed facts, the Court finds this assertion unapparent to one studied in the law, let alone a lay person.

As Plaintiff's Motion highlights, the parties' representatives will attend an industry convention known as the "2009 SHOT Show," held from January 14th through January 18th, 2009. *See* Pl.'s Mot. at ¶ 9. Defense counsel has indicated his client's intention to disseminate additional copies of the December 19th letter at the Show. Given the Court's serious concerns regarding the misleading nature of the letter, Defendant hereby is ORDERED not to disseminate it at the convention, or otherwise in the future.

This being said, the Court remains cognizant that both parties may receive inquiries from current or prospective clients regarding the status and/or merits of this lawsuit. Their communications, at the convention and thereafter, shall be restricted as follows.

The parties' agents may discuss any matter of public record, made through this lawsuit or otherwise, so long as factual allegations and legal conclusions are properly identified and attributed to the parties and/or legal representatives making them. The parties and their

representatives shall specifically refrain from stating as fact any allegations or averments not affirmatively admitted through the pleadings or established by ruling of the Court.

Finally, the Court states its firm belief that allowing the issues above to become a protracted "side show" will benefit no one in this litigation. As soon as is practicable, counsel shall meet and confer to discuss an amicable resolution regarding what can and cannot be said to current or prospective clients regarding this case. Among other things, the parties should consider stipulating to a joint, written statement that may be provided to any current or prospective customer that inquires, describing, as objectively as possible, the subject matter and status of this litigation.

IT IS SO ORDERED.

January 13, 2009                       s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States Magistrate Judge

cc (via email):

Russell D. Orkin, Esq.
Kent E. Baldauf , Jr., Esq.
Nathan J. Prepelka, Esq.
William F. Ward, Esq.
Ali I. Ahmed, Esq.
John F. Hornick, Esq.
Louis M. Troilo, Esq.
Stephen L. Peterson, Esq.