IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELTA FRANGIBLE AMMUNITION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-1477 |
| v. | ) ) ) | Judge McVerry Magistrate Judge Bissoon |
| SINTERFIRE, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

For the reasons that follow, Plaintiff's Motion for Leave to Amend the Complaint (Doc. 100) will be denied.[1]

Plaintiff now seeks, well over two years after filing this lawsuit, to add Springfield Munitions Company, LLC ("SMC") as a plaintiff. *See generally* Pl.'s Mot. at 1-2. Plaintiff claims SMC is the "exclusive licensee" of the patent-in-suit, and Plaintiff asserts that, absent SMC's joinder, "the Court cannot fully adjudicate this case on the merits and afford relief to all parties who ultimately deserve it." *See id.* at 2, 5. As justification for not seeking amendment sooner, Plaintiff's counsel represents that, in November 2008, Plaintiff divested its 4.58% ownership interest in SMC, thereby extinguishing Plaintiff's "direct interest" in the company as it previously existed. *See id.* at 2-3. Although Plaintiff does not reference the matter in its Motion, the proposed joinder of SMC may be significant to the availability of lost profits

---

[1] Given the non-dispositive nature of Plaintiff's request, the undersigned may resolve this Motion by direct order. *See* Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp.2d 329, 333 (W.D.N.Y. 2007) (following "the weight of authority . . . classif[ying] a motion to amend [pleadings] as a non-dispositive pre-trial motion") (citation to quoted source omitted); *see also id.* (collecting cases).

for infringement. *See generally* Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp., 347 F. Supp.2d 124, 125-26, n.5 & n.6 (D. Del. Nov. 30, 2004) (to recover lost profits, "the patentee needs to have been selling some item, the profits of which have been lost due to infringing sales"; patent licensee may recover lost profits, but only if it "is an exclusive licensee") (citations to published Federal Circuit authority omitted).

Defendant disputes that SMC was an "exclusive licensee," stating that the license agreement reveals "[another] existing license"; "a sublicense"; Plaintiff's right "to participate in any litigation, share in any recovery, and approve any settlement of litigation"; "a restriction to a particular field of use"; and "reservations on the right to use and practice the invention for noncommercial research purposes." *Compare* Def.'s Opp'n Br. (Doc. 121) at 5 *with* Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1367-68 (Fed. Cir. 2008) ("[a] nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee," and "[t]o be an exclusive licensee for standing purposes, a party must have received not only the right to practice the invention within a given territory, but also the patentee's express or implied promise that others shall be excluded from practicing the invention within that territory") (citations to quoted sources omitted), *cert. denied*, -- U.S. --, 129 S. Ct. 653 (2008). The Court cannot test the parties' conflicting assertions regarding exclusivity, however, because the license agreement is not attached to their papers in support of and opposition to Plaintiff's Motion.

In any event, the Court agrees with Defendant that Plaintiff has failed to show the significance of its alleged recent divestiture of ownership in SMC.[2] As Defense counsel

---

[2] Defendant challenges Plaintiff's claim that it no longer possesses an ownership interest in SMC. *Compare* Pl.'s Mot. at 3 (stating that Plaintiff's ownership interest ceased in November 2008) *with* Def.'s Opp'n Br. at 5 (quoting deposition testimony of Plaintiff's witness indicating

highlights, Plaintiff has identified no legal authority supporting the proposition that its ownership of SMC stock, or lack thereof, has any bearing on whether SMC should be a party to this case. *See* Def.'s Opp'n Br. at 2 ("[Plaintiff] cites no case where a patent owner's equity position in a licensee [company] requires or even [a]ffects whether the licensee should be a party to the litigation involving the licensed patent"); *cf. also* Mars, 527 F.3d at 1359 ("a patent holder is not entitled to recover under a lost profits theory as a result of sales lost by a sister corporation, absent a showing that the patent holder itself ha[s] lost profits") (citation omitted).

In the absence of such authority, the entire premise of Plaintiff's belated joinder request (*i.e.*, that it no longer holds a 4.58% ownership interest in SMC) is eviscerated. Under the circumstances, Plaintiff's Motion will be denied under Federal Rule 15(a).[3]

Amendment under Rule 15(a) may be denied based on undue delay, bad faith on the part of the requesting party, or prejudice to the opposing party. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Id.* (citations and internal quotations omitted). Undue delay "focus[es] on the movant's reasons for not amending sooner," and those reasons are "balance[d] . . . against the burden of delay on the . . . Court" and prejudice to the opposing party. *See id.* (citations and internal quotations omitted).

---

that Plaintiff still retains one-third ownership in SMC). Given the analyses below, the Court need not resolve this dispute. *See* discussions *infra*.
[3] Defendant argues that, because the parties stipulated to a deadline of January 14, 2008 for the joinder of additional parties, Plaintiff's Motion should be analyzed under more stringent standards pursuant to Federal Rule 16(b). *See* Def.'s Opp'n Br. at 6-8; *see also* Fed. R. Civ. P. 16(b) (governing establishment and enforcement of "[s]cheduling [o]rder[s]"). The January 14, 2008 deadline appeared in a "Joint Motion for [the] Entry of [a] Stipulated Scheduling Order," *see* Doc. 30, and the proposed order never was adopted by the Court. Thus, the Court will analyze Plaintiff's Motion under Federal Rule 15(a).

Plaintiff's request to amend comes well over two years after the filing of this lawsuit, despite the fact that SMC's licensee status was established before the case was initiated. *See* Pl.'s Mot. at 2. The only explanation for Plaintiff's delay is the purported divestiture of its ownership in SMC. *See* discussion *supra*. As explained above, however, Plaintiff has not demonstrated the legal significance of its former, nominal (4.58%) ownership interest in SMC. *See id.* Given that Plaintiff offers no other reason for failing to amend sooner, there is little to balance against the burden of delay on the Court and prejudice to the opposing party. *See id.*

Plaintiff's request is further undermined by the fact that SMC previously was joined as a party, through Defendant's counterclaims. *See* Def.'s Answer & Countercls. (Doc. 6) at ¶ 19 *and* Countercl. II (asserting claim against SMC for trade secret misappropriation under Pennsylvania law). SMC and the other counterclaim defendants filed a Motion to Dismiss and, after substantial litigation, the Motion was granted. *See* Mem. Order (Doc. 24) at 2 (dismissing counterclaim against SMC).

Although Defendant's Counterclaims admittedly involved different legal issues than those presented under Plaintiff's patent infringement claim, the Court believes that it would be unfair, and unduly prejudicial, to allow SMC to rigorously contest its joinder for the purposes of counterclaim liability and then, two years later, seek participation for the purposes of bolstering putative claims for lost profits. *Cf. generally* Wallace v. UAW Local 1639, 2007 WL 1589540, *4 (S.D. Ala. May 31, 2007) (denying amendment where its grant effectively would allow plaintiff "to have her cake and eat it too").

Finally, the Court concludes that permitting the proposed amendment at this late stage would create unjustifiable burdens on the adjudicative process. *See* discussion *supra* (Plaintiff's delay is weighed against burden of amendment on court). To date, the Court and

parties have spent over thirty months litigating this case, fact discovery has come to a close, and cross-motions for summary judgment soon will be ripe for disposition. Plaintiff's assurances to the contrary notwithstanding, Defendant asserts that additional discovery would be required should SMC be permitted to join as a plaintiff. *See* Def.'s Br. at 10-12. This dispute, as well as the ones regarding whether SMC is an "exclusive" licensee and whether Plaintiff, in fact, has divested all ownership interest in SMC, would require additional submissions, if not an evidentiary hearing, to allow for meaningful adjudication. These factors likewise weigh against granting leave to amend.

Given Plaintiff's failure to adequately explain its delay in seeking amendment, the potential for undue prejudice to Defendant, and the additional burdens on the adjudicative process if amendment is permitted, Plaintiff's Motion for Leave to Amend (**Doc. 100**) is hereby **DENIED**.

IT IS SO ORDERED.

February 27, 2009

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc (via email):

Russell D. Orkin, Esq.
Kent E. Baldauf , Jr., Esq.
Nathan J. Prepelka, Esq.
William F. Ward, Esq.
Ali I. Ahmed, Esq.
Gerson S. Panitch, Esq.
John F. Hornick, Esq.
Louis M. Troilo, Esq.
Stephen L. Peterson, Esq.