IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELTA FRANGIBLE AMMUNITION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-1477 |
| | ) | Judge McVerry |
| v. | ) ) | Magistrate Judge Bissoon |
| SINTERFIRE, INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM ORDER**

On August 1, 2008, this case was referred to United States Magistrate Judge Cathy Bissoon for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On July 28, 2009, the magistrate judge issued a Report (Doc. 156) recommending that: Defendant's Motions for Summary Judgment based on anticipation, obviousness (*see* Doc. 114) and derivation (Doc. 110) be granted; Plaintiff's Motion for Summary Judgment on validity (Doc. 104) be denied; and Plaintiff's Motions for Summary Judgment based on infringement (Doc. 107) and lack of inequitable conduct (Doc. 101) be denied as moot.  Service of the Report and Recommendation was made on the parties, and Plaintiff filed Objections on August 14, 2009.  *See* Doc. 157.

Nearly all of the arguments in Plaintiff's Objections were rejected, either directly or by implication, in the magistrate judge's Report.   The only matter warranting further comment is Plaintiff's discussion of "bronze."  *See id.* at 15-22.

In her Report, the magistrate judge found that the testimony of Plaintiff's expert, Dr. Randall German, revealed that "bronze" was "a copper/tin mixture, predominantly of copper, where either 'each particle is an alloy,' or where pure copper and tin powders are mixed." *See* Doc. 156 at 18. Plaintiff argues that, by definition, "bronze" is an alloy, as opposed to a mixture of copper and tin powders. *See* Pl.'s Objs. at 1, 15.

Having reviewed Dr. German's testimony, the District Court agrees that his definition did not draw a clear distinction between bronze as an alloy, and bronze as a mixture of copper and tin. *See* Doc. 56 at 40, 46-48. Even assuming the contrary, the magistrate judge also concluded that: "the anticipation standard allow[ed]" bronze to be "'inherently' disclosed in *Slater*"; Defendant presented "undisputed evidence that the mixtures referenced in PIS Claims 13 and 15[, *i.e.*, copper and tin powders,] have been used in the pertinent art for decades"; and "the potential use of predominantly copper mixes therefore was obvious to a person of ordinary skill in the art." *See* Doc. 156 at 18 n.12.

The District Court agrees, and Plaintiff's arguments regarding "bronze" fail to defeat the magistrate judge's ultimate conclusions of anticipation and obviousness. For these reasons, and for all of the others stated in the magistrate judge's Report, Plaintiff's Objections are OVERRULED.

Thus, after a *de novo* review of the pleadings and documents in this case, the following Order is entered:

AND NOW, on this 30th day of September, 2009, IT IS HEREBY ORDERED that: Defendant's Motions for Summary Judgment based on anticipation, obviousness (*see* **Doc. 114**) and derivation (**Doc. 110**) are **GRANTED**; Plaintiff's Motion for Summary Judgment on validity (**Doc. 104**) is **DENIED**; and Plaintiff's Motions for Summary Judgment on infringement (**Doc.**

**107**) and lack of inequitable conduct (**Doc. 101**) are **DENIED AS MOOT**.

The Report and Recommendation of Magistrate Judge Bissoon dated July 28, 2009, is hereby adopted as the Opinion of the District Court, as supplemented herein.

 s/ Terrence F. McVerry
Terrence F. McVerry
United States District Judge

cc (via email):

All Counsel of Record